In re SUPERINTENDENT OF POOR.

(Supreme Court, Appellate Division, Second Department. June 16, 1896.)

CONTEMPT—FAILURE TO APPEAR BEFORE COMMITTEE OF SUPERVISORS.

Laws 1892, c. 686 (County Law) §§ 27, 28, which give a committee of a board of supervisors power to require the attendance of witnesses before it, do not authorize a judge of the supreme court to punish a person who disobeys the summons of such committee for contempt, but his only authority is to issue a warrant to bring the defaulting witness before the committee, and to commit him to jail, if he refuses to testify as provided by Code Civ. Proc. §§ 855, 856.

Appeal from special term, Westchester county.

Investigation into the affairs of the office of superintendent of the poor of Westchester county. A committee of the board of supervisors summoned one Samuel Beck to attend on a certain day and testify. Beck failed to appear, and a warrant for his arrest was issued by Mr. Justice Keogh to bring him before the court to show why he should not be punished for contempt. From an order denying a motion to vacate the warrant, said Beck appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

W. H. H. Ely, for appellant.
J. Addison Young, for respondent.

BROWN, P. J. It appears from the record before us that on March 7th last a subpœna signed by Charles L. Lane, chairman of the committee of superintendent of the poor of Westchester county, was duly served upon Samuel Beck, in the city of New York, commanding him to appear at the office of the board of supervisors in Westchester county on March 11, 1896, at 10 a. m., to testify and be examined in relation to matters therein stated. Said Beck neglected and refused to attend in response to said subpœna, and on April 4, 1896, Justice Keogh, of the supreme court, upon proof of the service of the subpœna and the neglect of said Beck to attend in response thereto, issued a warrant to the sheriff of the county of New York,

directing him to arrest said Beck, and bring him before the supreme court at White Plains, on April 11, 1896, at 10 a. m., to answer touching the contempt alleged to have been committed by him against said committee in not obeying said subpœna. This warrant was never served upon Beck, and he was never taken into custody, but a stipulation was entered into by and between the committee of the board of supervisors and the counsel for Beck, whereby the latter agreed to produce Beck before the committee for examination, if it should be decided that the committee had legal power to compel his attendance before them; and it was further stipulated that argument as to such power should be made before Justice Keogh on April 11, 1896, at 10 a. m. Mr. Ely, the counsel for Beck, thereupon made an affidavit, which is set forth in the appeal papers, showing the resolution of the board of supervisors which created said committee, and which was passed by said board in January, 1896, and further stating that the said board had adjourned without date in the early part of March, and that the official term of the supervisors who constituted the said committee had terminated on March 31st. Argument was thereupon had before Justice Keogh, and he thereupon made the order appealed from.

We are of the opinion that the order must be reversed. By sections 27 and 28 of the county law (Laws 1892, c. 686) power is conferred upon the board of supervisors or a committee thereof to require the attendance of witnesses upon subjects within the jurisdiction of the board, and to send for persons and papers. The subpœna served upon Beck was properly issued by and under the hand of the chairman of the committee, pursuant to section 854 of the Code of Civil Procedure. But we are not referred to any provision of the Code or the county law which authorizes the court or a judge to punish the disobedience of the command of the subpœna as a contempt. A person who fails to obey a subpœna is made liable for the damages sustained by the party aggrieved and $50 in addition thereto, which may be recovered by action. Code Civ. Proc. §§ 852, 853. By section 855 of the Code it is provided that, in case a person is duly subpœnaed by a board or committee, and fails to attend in obedience thereto, any judge of the court, upon proof by affidavit of the failure to attend, must issue a warrant to the sheriff, commanding him to apprehend the defaulting witness, and bring him before the body before whom his attendance was required. And by section 856, if a person subpœnaed by such a body refuses, without reasonable cause, to be examined, or to answer any legal or pertinent question, or to produce a paper or book, etc., he may be committed to jail by a judge upon proof of such facts, there to remain until he submits to do the act which he was required to do, or is discharged according to law. But no provision of the Code authorizes the punishment of such a witness for a contempt. These provisions of the Code establish the present practice, whereby a person may be compelled to attend before an inferior legislative body, and give his testimony upon matters within its jurisdiction. Prior to the adoption of the Code of Civil Procedure the subject was covered by chapter 190 of the Laws of 1858.

Under sections 4 and 5 of that act a witness offending in the respects stated was deemed in contempt, and might be punished therefor by a judge of the supreme court, a county judge, or a judge of the superior court or court of common pleas in cities, as in the case of a witness subpoenaed to appear and give evidence on the trial of a civil action in the supreme court. People v. Rice, 57 Hun, 62, 10 N. Y. Supp. 270. Under the Code of Civil Procedure, as first enacted, sections 855 and 856 empowered the body issuing a subpoena to issue its warrant to the sheriff, commanding him to arrest the defaulting witness, and bring him before it; or, in case of a refusal to testify, it might commit such defaulting witness to jail until he submitted to testify, or was discharged according to law. But the act of 1858 was wholly repealed by the county law of 1892, and the sections of the Code referred to have been so amended as to take from the body issuing the subpoena the power to issue a warrant, and that can only now be done by a judge.

Applying these provisions of law to the facts contained in the record before us, it is plain that Justice Keogh had no power to issue a warrant directing the sheriff to arrest Beck, and bring him before the court to answer for a contempt. The warrant that he was empowered to issue was one which should have directed the sheriff to take Beck before the committee who issued the subpoena. The warrant issued was, therefore, unauthorized, and should have been set aside. But a like result would have followed if the warrant had directed the production of Beck before the committee. It was issued on the 4th day of April, 1896. The proof is that prior to that date the official terms of all the supervisors composing the committee had expired. Two of the committee had been re-elected, but one had not. Section 854 of the Code authorized the issuing of a subpoena by a board or committee authorized by law to hear, try, and determine a matter, or to do any other act "in an official capacity." It needs no argument to show that an officer whose official term had expired could do no act in an official capacity. The committee which had issued the subpoena was on the 4th day of April functus officio. It had no power at that date to conduct an examination or to compel the attendance of witnesses before it, and the judge had, consequently, no authority to exercise the powers conferred upon him by the sections of the Code which I have quoted.

The order is reversed, and the attachment set aside. All concur.